IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANNY T. McCARTHY                                                    PLAINTIFF

v.                              CASE NO. 05-5197

DR. NEIL MULLINS; NURSE SUE;
SHERIFF FERGUSON; MAJOR DRAKE;
CAPTAIN PETRAY;
THE DETENTION GUARDS, all three shifts                      DEFENDANTS

<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

This case is before the Court with a complex procedural history.  Plaintiff filed his Complaint

on December 7, 2005 (Doc. 1) and an Addendum was filed on February 6, 2006 (Doc. 10).   On May

22, 2006, Defendants filed a Motion for Summary Judgment (Doc. 20).   On August 31, 2006,

Defendants filed a Motion to Dismiss due to Plaintiff's failure to respond to the Motion for Summary

Judgment (Doc. 25, 28).   On August 31, 2006 Magistrate Judge Beverley Stites Jones filed a Report

and Recommendation recommending Plaintiff's Complaint be dismissed for Plaintiff's failure to

respond to the Motion for Summary Judgment (Doc. 27).

Plaintiff filed an Objection to the Report and Recommendation on September 8, 2006, stating

that he had returned the addendum to the Motion for Summary Judgment, and requesting additional

time to respond to the Summary Judgment Motion (Doc. 30).   The District Court on September 22,

2006 remanded the case back to the Magistrate, to allow Plaintiff additional time to respond to the

Motion for Summary Judgment (Doc. 31).  Plaintiff filed his response on October 4, 2006 (Doc. 33).

On January 22, 2007,the undersigned Magistrate Judge prepared a Report and Recommendation to

the District Court.  On February 7, 2007 (Doc. 37) District Court adopted this second Report and

Recommendation *in toto.*  Summary Judgment was denied on Plaintiff's claims of denial of religious

-1-

expression, because the Defendants had failed to brief this point, but granted to the Defendants on all other claims.

Defendant filed supplements to the Motion for Summary Judgment on January 31, 2007, fully briefing the remaining issue of denial of religious expression (Docs. 35, 36).  Plaintiff was directed to complete, sign and return a second response to the Motion for Summary Judgment on July 12, 2007 (Doc. 38).  Plaintiff has submitted his response (Doc. 39) and the case is now before the undersigned on Plaintiff's claim of denial of religious expression.

I.      Background

In his addendum to the Motion for Summary Judgment (Doc. 10), Plaintiff states he was not allowed to worship or go to his Bible Study Group.  Plaintiff states he spoke to guards and Lt. Carter and was told that no Roman Catholic Clergymen visited the jail at that time.  Plaintiff states he was not allowed out of his jail cell to attend church services, was not allowed any religious materials, not allowed to meet with religious leaders, and not able to worship and follow the dictates of his religion. Specifically, Plaintiff claims his sincerely held religious beliefs regarding mass, communion, fellowship, bible, and confession were burdened.

II.     Summary Judgment Standard

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c).  The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992).  The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.    Discussion

First Amendment issues present mixed questions of law and fact. We review a district court's factual findings for clear error and its legal conclusions de novo. *Hamilton v. Schriro,* 74 F.3d 1545, 1552 (8th Cir.), *cert. denied,* 519 U.S. 874 (1996). As an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief. *See* Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb-1 (1994); *Ochs v. Thalacker,* 90 F.3d 293, 296 (8th Cir. 1996) (RFRA analysis); *Brown v. Polk County, Iowa,* 61 F.3d 650, 656, 660 (8th Cir.1995) (non-RFRA analysis). Only after the plaintiff first fulfills this duty must the government prove that its policy is the least restrictive means to further a compelling governmental interest. *Weir v. Nix,* 114 F.3d 817, 820 (8th Cir. 1997) The Constitution does not, however, require that a religious advisor be provided for every sect in a penitentiary. *Cruz v. Beto,* 405 U.S. 319, 322 n. 2(1972).  Nor is a prisoner entitled to insist on a religious advisor whose beliefs are completely congruent with his own. *Blair-Bey v. Nix,* 963 F.2d 162, 163-64 (8th Cir.), *cert. denied,*  506 U.S. 1007(1992). Only when a prisoner's sole opportunity for group worship arises under the guidance of someone whose beliefs are significantly different from his own is there a possibility that the prisoner's free exercise rights are substantially burdened in this manner. *See SapaNajin v. Gunter,* 857 F.2d 463, 464 (8th Cir.1988).

In this case, the Court does not even reach the issue of whether Plaintiff's beliefs were sincerely held religious beliefs.  Plaintiff states he only verbally requested or complained about what he felt were inadequate policies regarding the practice of his religion. (Doc. 39, page 1-2) Plaintiff did not submit a formal grievance on these issues, nor was he denied filing any such grievance.

Plaintiff's complaint is governed by 42 U.S.C. § 1997e(a) as amended by the Prison

Litigation Reform Act of 1995, Pub.L. No. 104-134, § 803, 110 Stat. 1321 (1996) ("PLRA"). That

section now provides, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
> correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a).

As Plaintiff failed to exhaust the administrative remedies available to him, the Motion for

Summary Judgment (Doc. 20) and Supplemental Motion (Doc. 35) are due to be GRANTED as to

Plaintiff's claims of denial of religious expression. *See, e.g., Walker v. Maschner*, 270 F.3d 573, 576

(8th Cir. 2001).

IV.     Conclusion

For the reasons stated, I recommend the following:

1)      The Motion to Dismiss (Doc. 28) be DENIED as moot because Plaintiff has now

        responded to the Motion for Summary Judgment and has proceeded with his case.

(2)     The Motion for Summary Judgment (Doc. 20) and Supplemental Motion for

        Summary Judgment (Doc. 35) be GRANTED to Defendants regarding Plaintiff's

        remaining claim for denial of religious expression.

**The parties have ten days from receipt of the report and recommendation in which to
file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections
may result in waiver of the right to appeal questions of fact.  The parties are reminded that
objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **9th day of August, 2007.**

/s/ *J. Marschewski*
_____
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE