```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DANNY T. McCARTHY**                                         PLAINTIFF

        v.          Civil No. 05-5197

**DR. NEIL MULLINS; NURSE SUE;
SHERIFF FERGUSON; MAJOR DRAKE;
CAPTAIN PETRAY; and THE
DETENTION GUARDS, All Three
Shifts**                                                     DEFENDANTS

### O R D E R

Now on this 10th day of October, 2007, comes on for consideration plaintiff's motion, entitled **Reconsider Of Case Closing** (document #42). A review of the file in this matter reflects the following procedural history relevant to this motion:

On January 22, 2007, the Magistrate Judge issued a Report And Recommendation which recommended that defendants be granted summary judgment on plaintiff's claims related to (a) denial of adequate medical care and (b) unconstitutional conditions of confinement, but not as to his claim that he was denied religious freedom.

Plaintiff filed no objection to this Report And Recommendation, although the copy mailed to him was not returned and it is presumed that he received it. The Report And Recommendation was adopted by the Court on February 7, 2007.

On July 12, 2007, the Magistrate Judge entered an Order noting that defendants' motion for summary judgment had been granted in part, but denied as to the claim for denial of

religious freedom.  That Order directed plaintiff to respond to a motion for summary judgment on the claim for denial of religious freedom, and enclosed a questionnaire entitled "Response To Summary Judgment Motion."  The questionnaire repeated the fact that this Court had granted summary judgment on the claims for denial of adequate medial care and conditions of confinement.

Plaintiff completed and returned the questionnaire.  It appears from his response that he did not understand the meaning of the summary judgment that had been granted, for he stated therein that "this court has already ruled that I was denied medical care."  This, of course, was the opposite of what the Court had ruled.

On August 13, 2007, the Magistrate Judge issued a Report And Recommendation in which he recommended that defendants' motion for summary judgment be granted on the claim of denial of religious expression.  Plaintiff made no objections to that Report And Recommendation, and it was adopted on September 10, 2007.

The Docket Sheet reflects that on September 17, 2007, plaintiff notified the Clerk of Court of a change in his mailing address, and the Report And Recommendation was re-mailed to him on that date.  The docket sheet also reflects that no mail sent to plaintiff had been returned as undeliverable since the Report And Recommendation was filed.

On September 28, 2007, plaintiff filed the motion now under

consideration.  In it, he states that he moved on August 19, 2007, and "did not recieve [sic] the first notice," and that he "never recieved [sic] the motion for this cause to be dismissed."  He does not explain why it took him a month to notify the Clerk of Court of his new address.

Plaintiff goes on to say "[t]his is my only means for justice and because of the miss treatment [sic] I now have to have another back operation." This statement indicates that what plaintiff believes should be reconsidered is his claim for denial of adequate medical care.

The Court is not persuaded that plaintiff failed to receive the pieces of mail he refers to, because they were not returned to the Clerk of Court.  Moreover, even if some of plaintiff's mail did fail to reach him, the Court finds that he was on notice, at least by June 30, 2007 -- the day he completed the questionnaire -- that his medical claims had been dismissed.  While plaintiff apparently misunderstood the impact of the grant of summary judgment to defendants on that claim, the Court does not consider that a sufficient basis to reconsider the claim.  If it were, any *pro se* litigant could get a "second bite at the apple" by claiming to have misunderstood what happened the first time around.

Because plaintiff failed to make timely objection to the Report And Recommendation, failed to explain why he did not promptly advise the Court of his change of address, and failed to

overcome the presumption that he received mail sent to him that was not returned, the Court finds no basis to grant his request for reconsideration.  The motion is, therefore, **denied.**

    **IT IS SO ORDERED.**

                                               /s/ Jimm Larry Hendren
                                              **JIMM LARRY HENDREN**
                                              **UNITED STATES DISTRICT JUDGE**